UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN DEROSA, <br><br> Plaintiff(s), <br><br> vs. <br><br> BLOOD SYSTEMS, INC., et al., <br><br> Defendant(s). | Case No. 2:13-cv-0137-JCM-NJK <br><br> ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINES <br><br> (Docket No. 25) |

Pending before the Court is Plaintiff's emergency motion to extend various discovery deadlines. Docket No. 25. The Court shortened the briefing schedule so that the motion could be decided on an expedited schedule. Docket No. 27. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 28, 29. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED**.

**I.     STANDARDS**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations

1  omitted).

2     A motion to extend deadlines in the Court's scheduling order must be supported by a
3  showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09.[1]
4  The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats*
5  *Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it
6  cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975
7  F.2d at 609. While prejudice to the opposing party may also be considered, where the movant
8  "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*,
9  975 F.2d at 609). The Court has broad discretion in supervising the pretrial phase of litigation.
10 *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

11    In addition, requests to extend a discovery deadline filed less than 21 days before the
12 expiration of that particular deadline must be supported by a showing of excusable neglect. *See*
13 Local Rule 26-4.[2] The Ninth Circuit has held that "the determination of whether neglect is
14 excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the
15 opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason
16 for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231
17 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.*
18 *Partnership*, 507 U.S. 380, 395 (1993)).
19 //

---

[1] The "good cause" standard outlined in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

[2] Plaintiff's motion quotes a previous version of Local Rule 26-4, which indicates that motions to extend discovery must be received by the Court at least 20 days before the discovery cut-off. *See* Mot. at 10. As the Court has already indicated twice in this case, that is no longer the correct standard. *See* Docket No. 12 at 1 (denying first proposed discovery plan because, *inter alia*, it misstated Local Rule 26-4); Docket No. 14 at 3 (amending second proposed discovery plan because it again misstated Local Rule 26-4). "[R]equests for extending discovery deadlines must be filed no later than 21 days before <u>the subject deadline sought to be extended</u>. *See* Local Rule 26-4." Docket No. 12 at 1 (emphasis added). For example, a request to extend the expert disclosure deadline had to be filed 21 days before that deadline was set to expire or, in this case, no later than May 10, 2013.

## II. ANALYSIS

Plaintiff filed the pending motion to extend on July 25, 2013. Plaintiff seeks to extend, *inter alia*, the following deadlines: (1) to amend pleadings, which expired on May 2, 2013; (2) to disclose experts, which expired on May 31, 2013; (3) to disclose rebuttal experts, which expired on July 1, 2013; and (4) the discovery cut-off, which is set to expire on July 31, 2013. *See, e.g.*, Mot. at 13. As noted above, the Court's initial inquiry into whether these deadlines should be extended is the diligence of the movant.

It is clear that Plaintiff has not been diligently conducting discovery. The only discovery completed by Plaintiff to date is serving initial disclosures and supplemental disclosures, as well as responding to two discovery requests from Defendant. *See* Mot. at 10 (listing discovery completed). Plaintiff candidly explains the situation by stating that attorneys at the law firm representing her were not diligent in pursuing discovery. *See, e.g.*, Reply at 5 (acknowledging "shortcomings caused by a lack of diligence from [the firm's] prior attorney's lack of work").[3] Having reviewed the materials submitted, the Court finds that Plaintiff has not shown the diligence required for a finding of "good cause." This ends the Court's inquiry into whether an extension should be granted. *See Coleman*, 232 F.3d at 1295.

Plaintiff attempts to avoid this conclusion by asserting that "good cause" exists because Plaintiff herself should not be prejudiced by the failings of her attorneys. *See* Reply at 4-5. The Ninth Circuit has repeatedly rejected that contention. *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) ("There is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the

---

[3] Plaintiff pins the blame on a particular associate no longer at the firm. As Defendant points out, however, other attorneys at the firm have been involved in discovery in the case. *See, e.g.*, Response at 8 (citing exhibits). Moreover, Plaintiff fails to provide any details about the prior associate's shortcomings. *See* Reply at 4 (asserting that submitting such facts is not "appropriate" and offering to provide additional facts under seal or *in camera* at the Court's request). The time for submitting facts to establish "good cause" was when the motion was filed. *See, e.g.*, *Bazauye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived"). Plaintiff had the opportunity at the time the motion was filed to submit a declaration under seal or for *in camera* review. *See* Local Rules 10-5(a) and 10-5(b).

client. [The party] voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent." (quoting *Link v. Wabash RR Co.*, 370 U.S. 626, 633-34 (1962)).[4]

### III. CONCLUSION

For the reasons discussed more fully above, Plaintiff's motion to extend discovery deadlines is **DENIED**.

IT IS SO ORDERED.

DATED: August 1, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] Because Plaintiff has failed to demonstrate good cause for the extension, the Court need not reach the issue of excusable neglect. In looking to the relevant factors, however, the Court also notes that excusable neglect does not exist here.