# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN DEROSA, | |
| Plaintiff, | Case No. 2:13-cv-0137-JCM-NJK |
| vs. | ORDER GRANTING MOTION TO STRIKE |
| BLOOD SYSTEMS, INC., et al., | |
| Defendants. | (Docket No. 38) |

Pending before the Court is Defendant Blood Systems, Inc.'s motion to strike Plaintiff's untimely disclosed witnesses and third supplemental disclosure. Docket No. 38. Plaintiff filed a response in partial opposition and Defendant filed a reply. Docket Nos. 41, 42. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED**.

**I.    BACKGROUND**

The parties filed a proposed discovery plan and scheduling order on March 26, 2013, which the Court approved on the same day. Docket Nos. 13 and 14. Pursuant to the scheduling order, and LR 26-1(c)(1), discovery closed on July 31, 2013. *Id*. Plaintiff provided her Third Supplemental Disclosure, the only one about which Defendant complains, on October 11, 2013. Docket No. 38, at 9-13. This supplement added six additional trial witnesses. *Id*.

Defendant complains that Plaintiff "disclosed six additional witnesses more than two months after the discovery cut-off date; Plaintiff fails to adequately identify the 'subjects of the information'

possessed by each witness, as required b FRCP 26(a)(1)(A)(I); and the actions prejudice [Defendant] because the Defendant no longer has the opportunity to conduct discovery and the dispositive motion deadline has passed." Docket No. 38, at 2. Defendant states that the late disclosure of these witnesses prejudices it, as Defendant cannot depose these witnesses, and as Defendant filed its dispositive motion prior to the disclosure of these witnesses. *Id*., at 4. Defendant therefore asks this Court to strike Plaintiff's late witnesses and Third Supplemental Disclosure. *Id*., at 2.

Plaintiff concedes that two of the witnesses on her Third Supplemental Disclosure, her son and daughter, were not appropriately disclosed and should be stricken. Docket No. 41, at 2. Plaintiff further states that the "majority" of the other witnesses in the Third Supplemental Disclosure are her treating providers, the basis of their testimony has been produced to Defendant, and "there is no harm" in allowing them to testify at trial. *Id*. Finally, Plaintiff states that a witness disclosed in the Third Supplemental Disclosure is one of Defendant's employee's, and that there is no "harm in listing" this employee. *Id*. Plaintiff justifies this late disclosure by stating that the first attorney who handled this case did not make adequate disclosures, and so the second attorney on the case "attempted to remedy the lack of discovery and disclosures..."[1] *Id*. Plaintiff failed to file any points or authorities in support of her response. *Id*.

In its reply, Defendant concedes that, although its employee Connie Lorenger was a late-disclosed witness, it will rely on her testimony at trial and therefore does not ask the Court to strike her from Plaintiff's disclosure. Docket No. 42 at 1, n. 1. Instead, now that Plaintiff has agreed that her two family members should be stricken from the witness list, Defendant solely requests that this Court strike

---

[1] In a prior motion, filed on July 25, 2013, Plaintiff attempted to blame discovery deficiencies on a prior attorney from the same firm. *See* Docket No. 25. This Court found that attorneys at the firm, other than the one on whom Plaintiff attempted to blame, had been involved in discovery in the case. Docket No. 30 at 3, n.3 (citing Docket No. 28 at 8 and exhibits cited therein).

Regardless, Mathew Callister has been attorney of record for Plaintiff in this case from the outset, and he is clearly still with the law firm Callister & Reynolds. His name has been on every single filing made on behalf of Plaintiff in this case, *see* Docket, and therefore he is responsible for litigating and pursuing his client's claims, and the departure of certain attorneys from his law firm is irrelevant.

1 all late-disclosed treating providers. *Id.*, at 1-2.

## II. ANALYSIS

### A. Failure to Cite and Points or Authorities

Plaintiff's opposition fails to cite any points or authorities. Pursuant to LR 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Therefore, Plaintiff has procedurally consented to the granting of Defendant's motion. As Defendant has not raised this issue, however, the Court has reviewed the motion on its merits.

### B. Legal Standard for Striking Discovery

Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure or response. Supplements must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*; or as ordered by the court." FED. R. CIV. P. 26(e) (emphasis added). Rule 26(e) does not require that disclosure amendments must be served before the discovery deadline, only that they must be made "in a timely manner." *See Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. 2010) ("The rule does not limit the time for supplementation of prior disclosures to the discovery period.").

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Id.*, *citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure. *Id*. (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)).

In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), the Ninth Circuit identified several factors that the court may consider in deciding whether to impose Rule 37(c)(1)'s exclusion sanction. Those factors include (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Jackson*, 278 F.R.D. at 594; citing *Wendt,* 125 F.3d at 814. Although a finding of willfulness or bad faith is not required in order to impose the evidence preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of sanction. *Jackson*, 278 F.R.D. at 594.

Two express exceptions, however, ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is either substantially justified or harmless. *Yeti by Molly,* 259 F.3d at 1106, *citing* Fed.R.Civ.P. 37(c)(1). Further, the Court has wide latitude in using its discretion to issue sanctions under FED.R.CIV.P. 37(c)(1). *Id.*; citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir. 2001).

### C. Late-Disclosed Treatment Provider Witnesses

Pursuant to Fed.R.Civ.P. 26(a)(1)(A), a party must, without awaiting discovery request, provide to other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Here, Plaintiff has designated three witnesses for the first time in its Third Supplemental Disclosures, all of whom Plaintiff claims are treating providers. Defendant asserts that the witnesses were not timely disclosed, and that Plaintiff failed to explain with specificity what subjects of information she may use to support her claims or defenses. *See, e.g.,* Docket No. 38, at 2. The witness descriptions for all three witnesses were "[t]he above witness is expected to testify about the treatment provided to Plaintiff at the time of trial to the facts and circumstances surrounding the pending litigation." *Id.*, at 10. Defendant states that the late disclosure of these witnesses, as well as the vague descriptions of their testimony, prejudices it, as Defendant cannot depose these witnesses, and as Defendant filed its dispositive motion prior to the disclosure of these witnesses. *Id.*, at 4

Plaintiff concedes that the witnesses were not disclosed in a timely manner. Docket No. 41, at 1-2. Plaintiff fails to respond to Defendant's prejudice argument except to state, without elaboration, that "there is no harm" in allowing the medical providers. *Id.*, at 2. The Court finds this argument unpersuasive. In considering the *Wendt* factors, the Court finds that allowing these witnesses at trial

would be contrary to both the public's interest in expeditious resolution of litigation and the court's need to manage its docket, as the Court would need to reopen discovery to allow Defendant to depose treatment providers who have been known to Plaintiff. Additionally, the risk of prejudice to Defendant has been amply shown by Defendant in its motion. Further, striking these witnesses will not affect the disposition of this case on its merits. Finally, the Court finds that no less drastic sanctions are available, considering the totality of the circumstances.[2]

## III.   CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Strike Plaintiff's Untimely Disclosed Witnesses and Third Supplemental Disclosure, Docket No. 38, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED THAT** John Anthony Derosa, Regina Derosa, Dr. Enrico Fazzini, Dr. Matt Smith, and Dr. James Dudley shall be stricken as witnesses due to their late disclosure.

**IT IS FURTHER ORDERED THAT** Connie Lorenger shall not be stricken as a witness in this matter.

IT IS SO ORDERED.

DATED: November 27, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Although Defendant mentioned striking the Third Supplemental Disclosure itself, Defendant provided no argument for anything other than the late-disclosed witnesses. Therefore, the Court **DENIES** the motion as it relates to any part of the Disclosure other than the witnesses.