# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SUSAN DEROSA,

        Plaintiff(s),

v.

BLOOD SYSTEMS, INC., et al.,

        Defendant(s).

2:13-CV-137 JCM (NJK)

## ORDER

Presently before the court is defendant Blood Systems, Inc.'s ("BSI") motion for summary judgment. (Doc. # 32). Plaintiff Susan De Rosa filed a response in opposition (doc. # 37), and BSI filed a reply (doc. # 40).

**I.    Background**

In the instant action, plaintiff Susan De Rosa seeks to recover damages based on injuries caused by BSI's alleged medical malpractice.

BSI is a nonprofit corporation that operates community blood banks in Nevada and other parts of the United States. On or about June 10, 2012, plaintiff attempted to donate blood at a BSI facility in Las Vegas, Nevada. Plaintiff had frequently donated blood prior to that date, as her O negative blood type is in extremely high demand.

The process by which blood banks draw blood is "phlebotomy." During the phlebotomy procedure on June 10, 2012, the BSI phlebotomist inserted a needle into plaintiff's elbow crease.

**James C. Mahan**
**U.S. District Judge**

After the needle was in place, the phlebotomist noticed that the blood flow was insufficient and tried to stimulate the flow by rotating the needle. However, even then the blood flow was inadequate, and the phlebotomist discontinued the procedure, instructing plaintiff to return on a later date.

Plaintiff alleges that the phlebotomist's attempt to rotate the needle caused a shooting pain in her arm, and that her left hand and fingers fell numb when the needle was removed. She claims that these symptoms have persisted to this day, and she has been rendered unable to effectively use her left hand. Specifically, she claims that her left ring and pinky fingers are completely immobilized, the movement of her middle finger is limited, and her palm feels numb.

Plaintiff's treating physician, Dr. Enrico Fazzini, concluded that plaintiff's symptoms are irreversible, and that she is permanently disabled from the full use of her left arm. Dr. Fazzini is a certified neurologist and neuropsychologist. Dr. Fazzini provided a short affidavit in support of plaintiff's claims while this case was pending in state court. However, plaintiff has never disclosed Dr. Fazzini as a witness in any capacity. Plaintiff has also failed to identify any medical professional as an expert witness. Discovery in this case closed on July 31, 2013.

Plaintiff alleges that BSI's phlebotomy technician struck her left ulnar nerve while inserting the needle, causing her injury. She puts forward one cause of action for negligence based on medical malpractice, arguing that the technician's actions fell below the standard of care for a phlebotomy procedure.

**II.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward

1   with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
2   In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
3   of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
4   F.3d 474, 480 (9th Cir. 2000) (citations omitted).

5   In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
6   moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
7   element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
8   make a showing sufficient to establish an element essential to that party's case on which that party
9   will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
10  to meet its initial burden, summary judgment must be denied and the court need not consider the
11  nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

12  If the moving party satisfies its initial burden, the burden then shifts to the opposing party
13  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith
14  Radio Corp.*, 475 U.S. 574, 586 (1986). To demonstrate the existence of a factual dispute, the
15  opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that
16  "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
17  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,
18  631 (9th Cir. 1987).

19  In other words, the nonmoving party cannot avoid summary judgment by relying solely on
20  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045
21  (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
22  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
23  for trial. *See Celotex Corp.*, 477 U.S. at 324.

24  At summary judgment, a court's function is not to weigh the evidence and determine the
25  truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,
26  477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable
27  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is
28

**James C. Mahan
U.S. District Judge**

- 3 -

merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Analysis**

In the instant motion, BSI argues that plaintiff has failed to present evidence on a necessary part of her claim because she has not disclosed an expert who can testify regarding the standard of care for phlebotomy procedures. (Doc. # 32). Furthermore, BSI states that the deposition testimony of its own expert, Linda Chalmers sufficiently demonstrates that BSI's actions did not fall below the standard of care. *Id.*

In response, plaintiff argues that the affidavit of her treating physician, Dr. Fazzini serves as substantial evidence to establish the standard of care for phlebotomy procedures and indicates that BSI's actions did not meet the standard. (Doc. # 37).

Under Nevada law, a medical malpractice claim requires that a plaintiff establish "(1) that [the defendant's] conduct departed from the accepted standard of medical care or practice; (2) that the [defendant's] conduct was both the actual and proximate cause of the plaintiff's injury; and (3) that the plaintiff suffered damages." *Prabhu v. Levine*, 930 P.2d 103, 107 (Nev. 1996).

In respect to the instant motion, BSI contends that plaintiff has failed to produce substantial evidence regarding the first criterion. Nev. Rev. Stat. 41A.100 provides:

> Liability for personal injury or death is not imposed upon any provider of medical care based on alleged negligence in the performance of that care unless evidence consisting of expert medical testimony, material from recognized medical texts or treatises or the regulations of the licensed medical facility wherein the alleged negligence occurred is presented to demonstrate the alleged deviation from the accepted standard of care in the specific circumstances of the case and to prove causation of the alleged personal injury or death .
> . . .

Plaintiff argues that she has met this burden by submitting an affidavit from Dr. Fazzini stating, "In my professional medical opinion, the phlebotomist's care and treatment fell below the reasonable standard of care for such treatment in the medical industry." (Doc. 37-2). However, this affidavit does not convey any details as to what kinds of precautions, techniques, or other actions constitute "the reasonable standard of care" for phlebotomy procedures, nor does it specify any

James C. Mahan
U.S. District Judge

- 4 -

1 particular actions by the BSI technician that violated this standard. Furthermore, plaintiff does not
2 point to any experience Dr. Fazzini has, if any, in the field of phlebotomy which would qualify him
3 to testify to the standard of care in the first place.

4 Despite the fact that Dr. Fazzini has never been named as a potential witness in this matter,
5 plaintiff argues that he will testify at trial as to the proper standard of care. Acknowledging that Dr.
6 Fazzini has never been disclosed as an expert, plaintiff states that "many cases exist whereby a
7 treating physician has been used to identify the standard of care and whether that standard of care
8 was breached." (Doc. # 37).

9 While plaintiff is correct that a treating physician can testify to the standard of care in
10 medical malpractice cases, this is permissible only if the physician would otherwise qualify as an
11 expert in the field in which he is testifying. *See Prabhu v. Levine*, 930 P.2d 103, 109 (Nev. 1996).
12 However, plaintiff has presented no evidence indicating that Dr. Fazzini has the requisite knowledge,
13 skill, experience, training, or education to qualify him as an expert in phlebotomy.

14 Without evidence demonstrating that Dr. Fazzini has the requisite background to present
15 testimony on the subject, the court cannot presume that he is qualified to testify to the standard of
16 care. Indeed, because plaintiff did not even hint at the idea that Dr. Fazzini would be called as a
17 witness prior to her response to the instant motion, the court and BSI are left only to guess as to what
18 the content of his testimony might be.

19 Plaintiff argues that treating physicians testifying in an expert capacity are exempt from the
20 report-disclosure requirements of Federal Rule of Civil Procedure 26. *See Piper v. Harnischfeger*
21 *Corp.,* 170 F.R.D. 173, 176 (D. Nev. 1997). Assuming, *arguendo*, that this assertion is true, the
22 Federal Rules of Civil Procedure still provide that, for expert witnesses not required to provide a
23 written report, a party must submit a disclosure stating "the subject matter on which the witness is
24 expected to present evidence . . . and a summary of the facts and opinions to which the witness is
25 expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The instant dispute is a prime example of why such
26 disclosures are necessary. In defending against summary judgment, plaintiff points to speculation
27 as to what a doctor of unknown qualifications might say if asked about the standard of care in a field
28

James C. Mahan
U.S. District Judge

- 5 -

1  outside his area of expertise. If the court were to allow the testimony of such an individual, it is
2  certain that prejudice would result.
3        The court will not allow plaintiff to game the court by waiting till the eleventh hour to
4  designate an expert to testify to an essential element of her claim, preventing BSI from deposing him
5  or otherwise learning the basis for and substance of his opinions. Accordingly, the court finds that
6  plaintiff cannot rely on Dr. Fazzini to oppose the instant motion for summary judgment. *See* Fed. R.
7  Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a)
8  or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at
9  a hearing, or at a trial, unless the failure was substantially justified or is harmless.")
10       As the still-unspoken opinion of Dr. Fazzini is the only evidence referred to by plaintiff in
11 regard to (1) defining the relevant standard of care and (2) how BSI's conduct violated that standard
12 of care, plaintiff has failed in her duty to provide substantial evidence to support an essential element
13 of her claim. Thus, the court will grant BSI's motion for summary judgment.
14       Accordingly,
15       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Blood Systems,
16 Inc.'s motion for summary judgment (doc. # 32) be, and at the same time hereby is, GRANTED. The
17 clerk shall enter judgment accordingly and close the case.
18       DATED April 8, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -